IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARK A. CONWAY, :
:
        Plaintiff, :
:
v. : Civ. Act. No. 03-708-JJF
:
DR. ERIK STANCOFSKI and :
BEEBE MEDICAL CENTER, :
:
        Defendants. :

_____

MARK A. CONWAY, Pro Se Plaintiff.

_____

**MEMORANDUM OPINION**

September 8, 2005
Wilmington, Delaware

*Joseph J Farnan Jr.* [signature]

Farnan, District Judge

The Plaintiff, Mark A. Conway, a pro se litigant, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, Plaintiff's Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.  STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed in forma pauperis and requested Plaintiff to submit his account records for purposes of assessing an initial filing fee. However, the docket indicates that Plaintiff did not file these forms, but paid the filing fee in full.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 28 U.S.C. §§ 1915(e)(2)(B). If the Court finds Plaintiff's Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B), the Court must apply the standard of review set

1

forth in Fed. R. Civ. P. 12(b)(6). See <u>Neal v. Pennsylvania Bd. of Prob. & Parole</u>, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996). <u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[1] Consequently, a claim is frivolous within the meaning of Section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." <u>Id.</u>

---

[1] <u>Neitzke</u> applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

## II. DISCUSSION

By his Complaint, Plaintiff alleges that his shoulder was injured and that he was treated by Dr. Erik Stancofski at Beebe Medical Center. Plaintiff alleges that Dr. Stancofski and Beebe Medical Center committed malpractice against him.[2]

In order to establish a claim under Section 1983, a plaintiff must show: (1) that the defendant acted under color of state law; (2) that a federally secured right is implicated; and (3) that the defendant deprived or caused plaintiff to be deprived of that right. Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989). Plaintiff alleges that Dr. Stancofski is employed as a doctor at Beebe Medical Center. Dr. Stancofski is a private individual, and Beebe Medical Center is a private entity, and therefore, the Court concludes that Plaintiff has failed to allege that Defendants are state actors or that they acted under color of state law when they treated Plaintiff's shoulder. In addition, claims of medical malpractice are not cognizable under Section 1983. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); White v. Napoleon, 897 F.2d 103, 108 (3d Cir.

---

[2] Plaintiff requested leave to amend his Complaint to add Beebe Medical Center as a Defendant. Plaintiff is permitted to amend his Complaint once as a matter of course before a responsive pleading is served. Fed. R. Civ. P. 15(a). Therefore, the Court will permit the amendment Plaintiff requests.

3

1990). Because Plaintiff has failed to allege a claim under Section 1983, the Court will dismiss his Complaint as frivolous.

An appropriate Order will be entered.

4